**Thomas LEOUTSAKOS,**
**Plaintiff–Appellant,**

v.

**COLL'S HOSPITAL PHARMACY, INC.**
**and Healthcraft Products, Inc.,**
**Defendants–Appellees.**

No. 03–1533.

United States Court of Appeals,
Federal Circuit.

DECIDED: May 4, 2004.

Thomas Leoutsakos, of Counsel, Medford, MA, pro se.

Ralph F. Holmes, Principal Attorney, Jeremy T. Walker, of Counsel, McLane, Graf, Manchester, NH, for Defendants–Appellees.

Before CLEVENGER, RADER, and LINN, Circuit Judges.

RADER, Circuit Judge.

Thomas Leoutsakos appeals a decision of the United States District Court for the District of New Hampshire granting summary judgment of noninfringement of U.S. Patent No. 5,195,200 ('200 patent) in favor of Coll's Hospital Pharmacy, Inc. and HealthCraft Products, Inc. (collectively CHP) both literally and under the doctrine of equivalents. *Leoutsakos v. Coll's Hosp. Pharmacy, Inc.*, No. 02–434–M, 2003 WL 21558153 (D.N.H. Jul. 8, 2003). Because the district court's claim construction and infringement analyses are correct, this court *affirms* the district court's decision.

I.

The invention in the '200 patent helps people with certain physical aliments get into and out of bed. The prior art contains a number of specialized beds to help a person transfer from a horizontal position on a bed to a sitting or standing position. These prior art specialized beds, however, were expensive and did not provide a temporary solution for people with short-term physical aliments. To address these problems, the '200 patent discloses a manual support apparatus that attaches to a bedframe. The manual support apparatus claimed in the '200 patent provides a secure and stable structure to support a person while getting into or out of bed. This support apparatus is comprised of planar plate member 20 and at least one tubular member 22. The planar plate member is affixed to a bedframe and the tubular member or members are attached to the planar plate member to create a suitable handhold as depicted in Figure 2A of the '200 patent below.

*Fig. 2A*

CHP, the alleged infringer, sells a competing device. CHP's device, marketed as Smart–Rail, utilizes a tubular support frame, which is positioned between a box spring and mattress. To further stabilize the Smart–Rail device, two cloth safety straps extend from the Smart–Rail's tubular support frame to the back or opposite side of the bed from which the Smart–Rail's handhold or rail is installed.

At issue are independent claims 1 and 10. Claim 1 states:

A manual support apparatus attachable to a bedframe comprising:

a *planar plate member* having outside edges;

two tubular members having internal bores for slidable receipt of a support tube;

a first means to attach said tubular members to said plate member; and

a second means to attach said plate member to said bedframe.

'200 patent, col. 6, ll. 12–20 (emphasis added). Claim 10 states:

A manual support apparatus attachable to a bedframe comprising:

a *planar plate member* having outside edges;

a support tube having two legs;

two tubular members having internal bores for slidable receipt of a support tube;

a first means to attach said plate member to said bedframe.

*Id.* at col. 6, ll. 48–57 (emphasis added).

On September 27, 2002, Mr. Leoutsakos commenced this action in the New Hampshire district court. The complaint alleged a single count of infringement of the '200 patent. On May 7, 2003, CHP moved for

summary judgment on the grounds that Smart–Rail, its allegedly infringing product, does not infringe the '200 patent either literally or under the doctrine of equivalents. In response, Mr. Leoutsakos did not file an objection to CHP's motion for summary judgment, but instead filed a Motion for Partial Summary Judgment. In his motion, Mr. Leoutsakos sought a partial summary judgment on the patent infringement issue and raised, for the first time, a state common law cause of action for trademark infringement.

In its July 8, 2003 order granting summary judgment to CHP, the trial court construed "planar plate member" as a "planar member that is a perfectly flat sheet of a material of uniform thickness throughout." *Leoutsakos v. Coll's Hosp. Pharmacy, Inc.*, No. 02–434–M, slip op. at 5, 2003 WL 21558153 (D.N.H. Jul. 8, 2003). Based upon this claim construction, the trial court found no literal infringement because CHP's Smart–Rail utilizes a tubular support frame, (i.e. a largely open frame composed of cylindrical tubes). *Id.* at 5–6. Further, the trial court found no infringement under the doctrine of equivalents because Smart–Rail's tubular support frame fits between the mattress and box spring of a bed and is linked to the bed frame by a cloth safety strap that extends to the opposite side of the bed from which the support apparatus is installed. *Id.* at 6–7. In contrast, the device of the '200 patent is installed entirely on one side of a bed and includes a planar plate member that is fixed to the underside of the bedframe with bolts or clips. *Id.*

## II.

This court reviews a district court's grant of summary judgment *de novo*. *Ethicon Endo–Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315 (Fed.Cir. 1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, this court views all evidence in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

*Claim Construction*

■ Determination of patent infringement is a two-step process. "First, the court determines the scope and meaning of the patent claims asserted ... then the properly construed claims are compared to the allegedly infringing device." *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed.Cir.1998) (en banc) (citations omitted). Claim construction is a question of law that this court reviews *de novo*. *Cybor Corp.*, 138 F.3d at 1456.

As always, the claim language governs the meaning of a claim. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed.Cir.1996). In construing a claim, this court construes the meaning of claim language according to its usage and context. *ResQNet.com. Inc. v. Lansa, Inc.*, 346 F.3d 1374, 1378 (Fed.Cir.2003).

The claim language, drawings, and written description of the '200 patent offer insight into the proper construction of "planar plate member." Every drawing containing planar plate member 20 in the '200 patent shows the planar plate member 20 as a flat structure with at least one edge aligned to a bedframe. The written description reinforces this point. It states:

Planar plate 20 is typically shaped such that at least one edge 21 is aligned with

the end 13 and side rails 14 of bedframe 12. Preferably, planar plate 20 is triangular or rectangular-shaped to provide a flush fit with end 13 and side rails 14, and corner 15 of the bedframe 12. Most preferably, planar plate 20 is trapezoid shaped, to provide a notch which allows for the bedframe's legs 16 (or wheels) to project downward.

'200 patent, col. 3, ll. 15–23. Further reinforcing this point is the relevant dictionary definitions of both "planar" and "plate." "Planar" is defined as "of or relating to a plane: lying in one plane." Webster's Third New International Dictionary of the English Language 1730 (1993). "Plate" is defined as "a perfectly flat sheet of material of uniform thickness throughout." *Id.* at 1734. Based upon the foregoing, a planar plate member is a flat sheet of material of uniform thickness throughout.

In the context of Mr. Leoutsakos' Motion for Partial Summary Judgment and CHP's Motion for Summary Judgment, the trial court construed "planar plate member" as a "planar member that is a perfectly flat sheet of a material of uniform thickness throughout." Because the written description of the '200 patent, the drawings of the '200 patent, and the dictionary definitions of "planar" and "plate" support the trial court's construction of "planar plate member," this court affirms its claim construction.

*Infringement*

■ Whether a claim reads on an accused device, either literally or under the doctrine of equivalents, is a question of fact. *Ferguson Beauregard v. Mega Sys., Inc.,* 350 F.3d 1327, 1338 (Fed.Cir.2003). A claim is literally infringed when every claim limitation is found in the allegedly infringing device. *Liquid Dynamics Corp. v. Vaughan Co.,* 355 F.3d 1361, 1369 (Fed. Cir.2004). CHP's Smart–Rail does not infringe the '200 patent because it does not meet the "planar plate member" limitation. The record evidence before the trial court shows that CHP was aware of the '200 patent and specifically attempted to design around the '200 patent with its Smart–Rail product. Unlike the device of the '200 patent, the Smart–Rail utilizes a tubular support frame. This tubular support frame is distinguishable from a planar plate member for the simple fact that it is not a sheet of uniform thickness throughout, but is instead a largely open frame comprised of cylindrical tubes. In other words, the Smart–Rail's tubular support frame is neither a plate nor of a uniform thickness throughout. Accordingly, the Smart–Rail does not literally infringe the asserted claims of the '200 patent.

Infringement under the doctrine of equivalents occurs when a claimed limitation and the accused product perform substantially the same function in substantially the same way to obtain the same result. *See Warner–Jenkinson Co. v. Hilton Davis Chem. Co.,* 520 U.S. 17, 40, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997). The Smart–Rail tubular support frame is positioned between the mattress and box spring of a bed as opposed to affixing a planar plate member to the underside of a bedframe as taught by the '200 patent. These differing methods of positioning the Smart–Rail's tubular support frame and the planar plate member of the '200 patent illustrate that these two structures are not equivalents. The device of the '200 patent is affixed to the underside of a bedframe and utilizes the bedframe as the primary weight-bearing structure. In fact, Figures 1B, 2B, 4A, 4B, 5, 7, and 8 illustrate embodiments of the '200 patent that are solely affixed to the bed and do not touch the floor at all. In contrast, the primary weight bearing structure of CHP's Smart–Rail are the legs of its U shaped rail. Because the accused Smart–Rail device performs in a

substantially different way from the asserted '200 patent claims, it does not infringe under the doctrine of equivalents.

Accordingly, because CHP's Smart–Rail does not infringe, either literally or under the doctrine of equivalents, this court affirms the trial court's grant of summary judgment.

*Improperly Raised Claim*

In his Motion for Partial Summary Judgment, Mr. Leoutsakos raised, for the first time, a state common law cause of action for trademark infringement. Because Mr. Leoutsakos did not properly raise this cause of action in his complaint nor did he properly seek to amend his complaint to include this cause of action, he may not raise the issue, in the first instance, before this court on appeal. *See* Fed.R.Civ.P. 8, 15.

### III.

This court affirms the trial court's grant of summary judgment.